IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT IN AND FOR SARASOTA COUNTY, FLORIDA

JANE DOE,

    Plaintiff,

vs.

Case No: 2021 CA 1704 NC

NEW COLLEGE OF FLORIDA, a
Public University and Member of the
State University System;
and NEW COLLEGE OF FLORIDA
BOARD OF TRUSTEES, a Florida
Public Entity,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JANE DOE, by and through the undersigned attorneys, and sues the Defendants, NEW COLLEGE OF FLORIDA, a Public University and Member of the State University System; herinafter "NCF" and NEW COLLEGE OF FLORIDA BOARD OF TRUSTEES, a Florida Public Entity, herinafter "NCBT" and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages that exceeds the sum of Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest and attorneys' fees. The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court. Accordingly, Plaintiff has entered "over $100,000.00" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. The Twelfth Judicial Circuit Court has venue pursuant to Florida Statutes, §47.011 as the causes of action accrued in Sarasota County, Florida.

3. At all times material, JANE DOE, was a resident of Sarasota County, Florida.

4. At all times material, Defendant, NCF, was and is a political subdivision of the State of Florida conducting business in Sarasota County, Florida through the operation of a state university.

5. At all times material, NCBT was and is a political subdivision of the State of Florida, conducting business in Sarasota County, Florida through the operation of a state university.

6. At all times material, Defendant NCF acted through its teachers, staff, employees, agents and/or servants operating New College of Florida and is accordingly liable for the acts of such employees, agents and/or servants which were committed in the course and scope of their employment, agency or service.

7. At all times material, Defendant NCBT, acted through its teachers, staff, employees, agents and/or servants operating New College of Florida and is accordingly liable for the acts of such employees, agents and/or servants which were committed in the course and scope of their employment, agency or service.

## GENERAL ALLEGATIONS

8. From August 2015 through May 2018, the Plaintiff, JANE DOE, was a registered student at New College of Florida.

9. At all times material to, NCBT was vested with a broad range of authority and responsibilities for governing and managing New College.

10. At all times material to, NCBT's specific powers and duties included responsibility for making cost-effective policy decisions, authority to adopt rules, authority to acquire and to dispose of real and personal property and for controlling college- owned property, responsibility to

2

establish degree programs and general authority and responsibility to do all things needed to administer New College.

11. At all times material to, NCBT had the authority to take action whether recommended by the President or not and could direct the President to deliver all information required by the Board.

12. On May 13, 2017, Plaintiff, JANE DOE, along with approximately 50 other NCF students, participated in an on-campus annual advertised biking event at NCF, called the "The Tour De Franzia" which combines a biking event with "Franzia" wine.

13. The "Tour De Franzia" annual biking and wine drinking event begins at the NCF bike shop and continues around the NCF campus, ending at the bayfront in front of the main administrative and academic buildings. A number of students that participate in the event then gather on campus and continue to drink alcohol.

14. The "Tour De Franzia" is one of many events on campus that encourage underage students to drink alcohol and students are expected to drink wine along the bike route.

15. NCF and NCBT had actual knowledge or, through the exercise of reasonable care, should have known that underage students drank alcohol on campus during and after the "Tour de Franzia" but took no steps to intervene and prevent the underage drinking.

16. NCF and NCBT had actual knowledge or, through the exercise of reasonable care, should have known that underage drinking can put students at risk for rape or sexual assault and that rapes and sexual assaults did and do occur on campus after such events take place.

17. After completion of the race, another registered NCF student, Cheikhou Kane, offered the Plaintiff, JANE DOE, a drink of wine which immediately made her feel drugged and ill.

18. NCF student, Cheikhou Kane, offered to walk Plaintiff JANE DOE, back to her friend's dorm room but instead, took her back to his dorm room.

3

19. Plaintiff, JANE DOE, was unable to control her body and could not fight Cheikhou Kane or resist this much larger and stronger man when he dragged her into his dorm room, pushed her head into the mattress, repeatedly stuck her in the head, and violently raped her.

20. Plaintiff, JANE DOE, was traumatized by the incident and did not disclose the incident until October 13, 2017 when she went to SPARCC.

21. Plaintiff, JANE DOE, thereafter reported the rape to the Dean of Students, Dr. Robin Williamson and to other individuals employed by NCF & NCBT.

22. Following the report, NCF & NCBT failed to investigate the rape or to take any steps to protect Plaintiff from encountering her rapist frequently on campus.

23. Following the report, NCF & NCBT refused assistance and accommodation requested by Plaintiff when, due to worsening mental health caused by both the traumatic rape and the hostile learning environment created by NCF & NCBT's failures and negligence, her grades dropped and she found herself unable to cope with the workload.

24. Following the report, NCF & NCBT allowed Plaintiff's rapist to graduate and Plaintiff to drop out of college.

25. The Plaintiff has timely filed a Notice of Intent to sue NCF, through the Notice of Intent attached as Exhibit "A" and by commencement of the lawsuit within four years of May, 13, 2017.

26. All conditions precedent to the bringing of this action have been met including the sending of a Notice of Tort Claim to New College of Florida, pursuant to Florida Statue §768.28(6) a copy of which is attached hereto has Exhibit "A".

27. Plaintiff has retained undersigned counsel and agreed to pay a reasonable fee for their services.

# COUNT 1 – NEGLIGENCE
## (As to NEW COLLEGE OF FLORIDA)

28. Plaintiff., JANE DOE re-alleges paragraphs 1-27 above as if fully set forth herein.

29. Defendant, NCF, owed Plaintiff, as a lawful invitee on its premises and as a student attending its school, a duty to provide a safe environment and to keep the Plaintiff safe from physical, mental and sexual abuse.

30. The Defendant breached its duty of care to the Plaintiff through the following acts and omissions:

   a) Failing to prevent the Plaintiff from being sexually assaulted on campus;

   b) Failing to develop and implement adequate policies and procedures to prevent sexual, physical and mental abuse;

   c) Failing to develop and implement adequate policies and procedures to prevent underage drinking on campus;

   d) Failing to enforce the school's own policies and procedures and the prevention of abuse of students, including sexual abuse;

   e) Failing to enforce the school's own policies and procedures and the prevention of underage drinking;

   f) Failing to keep the Plaintiff free from sexual, physical and mental abuse from a student who was known to the school, or through the exercise of reasonable care should have been known to the school, to engage in such acts of abuse;

   g) Failing to provide adequate and proper supervision of students, in order to prevent sexual, physical and mental abuse of the students;

5

h) Failing to provide adequate and proper supervision of students, in order to prevent underage drinking;

i) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the Plaintiff, from sexual, physical and mental abuse and rape;

j) Failing to implement or enforce the prohibition of alcohol use on campus;

k) Failing to adequately respond to the report of rape once it was made;

l) Failing to properly investigate the report of rape once it was made;

m) Failing to implement or enforce policies and procedures to address sexual assault and rape on campus;

n) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the Plaintiff, from being subjected to a hostile learning environment;

o) Creating a hostile learning environment by requiring Plaintiff to continue attending classes with her rapist; and

p) Otherwise failing to provide for the safety and well-being of the Plaintiff.

31. As a direct and proximate result of the acts and omissions of the Defendant, the Plaintiff, JANE DOE suffered personal injuries, mental anguish, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical and nursing expense. These damages have occurred in the past and are anticipated to be incurred in the future.

WHEREFORE, Plaintiff JANE DOE demands judgment against the Defendant, NEW COLLEGE OF FLORIDA, a Public University and Member of the State University System, for

compensatory damages as allowed by law, interest, costs of this action and a trial by jury on all issues so triable.

### COUNT II – VIOLATION OF TITLE IX, 20 U.S.C §1681, et. seq.
### (As to NEW COLLEGE OF FLORIDA)

32. Plaintiff re-alleges paragraphs 1-27 above as if fully set forth herein.

33. Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX, of the Education Amendments of 1972, 20 U.S.C. §1681 as more fully set forth herein.

34. Section 20 U.S.C. §1681(a) provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance...."

35. At all times material, Defendant, NCF was receiving federal funding as contemplated by 20 U.S.C. §1681, et seq.

36. The Defendant created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §68(a), because:

 a.) Plaintiff was a member of a protected class;

 b.) She was subjected to rape on campus;

 c.) She was subjected to abuse and/or harassment based on her sex;

 d.) She was subject to a hostile educational environment created by the Defendant's lack of policies and procedures and failure to prevent and properly investigate the rape, abuse and harassment reported;

 e.) She was subjected to a hostile educational environment created by the Defendant's lack of a properly supervised events on its campus.

7

37. The rape of Plaintiff, JANE DOE was so severe and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school including, but not limited to, the educational opportunities JANE DOE missed while absent from classes due to the trauma from the rape that eventually caused her to drop out of school.

38. Defendant was on notice of the rape of Plaintiff and failed to take action to protect the Plaintiff and instead acted with deliberate indifference toward the Plaintiff.

39. As a direct and proximate result of the Defendant's violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq., the Plaintiff has suffered personal injury, emotional distress and psychological damage, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical, mental health and nursing expenses.

WHEREFORE, Plaintiff, JANE DOE demands judgment against the Defendant, NEW COLLEGE OF FLORIDA, a Public University and Member of the State University System, for compensatory damages as allowed by law, interest, costs of this action, reasonable attorney fees and a trial by jury on all issues so triable.

## COUNT III – NEGLIGENCE
### (AS TO NEW COLLEGE BOARD OF TRUSTEES)

40. Plaintiff., JANE DOE re-alleges paragraphs 1-27 above as if fully set forth herein.

41. Defendant, NCBT, owed Plaintiff, as a lawful invitee on its premises and as a student attending its school, a duty to provide a safe environment and to keep the Plaintiff safe from physical, mental and sexual abuse.

42. The Defendant breached its duty of care to the Plaintiff through the following acts and omissions:

   a) Failing to prevent the Plaintiff from being sexually assaulted on campus;

8

b) Failing to develop and implement adequate policies and procedures to prevent sexual, physical and mental abuse;

c) Failing to develop and implement adequate policies and procedures to prevent underage drinking on campus;

d) Failing to enforce the school's own policies and procedures and the prevention of abuse of students, including sexual abuse;

e) Failing to enforce the school's own policies and procedures and the prevention of underage drinking;

f) Failing to keep the Plaintiff free from sexual, physical and mental abuse from a student who was known to the school, or through the exercise of reasonable care should have been known to the school, to engage in such acts of abuse;

g) Failing to provide adequate and proper supervision of students, in order to prevent sexual, physical and mental abuse of the students;

h) Failing to provide adequate and proper supervision of students, in order to prevent underage drinking;

i) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the Plaintiff, from sexual, physical and mental abuse and rape;

j) Failing to implement or enforce the prohibition of alcohol use on campus;

k) Failing to adequately respond to the report of rape once it was made;

l) Failing to properly investigate the report of rape once it was made;

m) Failing to implement or enforce policies and procedures to address sexual assault and rape on campus;

n) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the Plaintiff, from being subjected to a hostile learning environment;

o) Creating a hostile learning environment by requiring Plaintiff to continue attending classes with her rapist; and

p) Otherwise failing to provide for the safety and well-being of the Plaintiff.

43. As a direct and proximate result of the acts and omissions of the Defendant, the Plaintiff, JANE DOE suffered personal injuries, mental anguish, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical and nursing expense. These damages have occurred in the past and are anticipated to be incurred in the future.

WHEREFORE, Plaintiff JANE DOE demands judgment against the Defendant, NEW COLLEGE BOARD OF TRUSTEES, a Florida Public Entity, for compensatory damages as allowed by law, interest, costs of this action and a trial by jury on all issues so triable.

### COUNT IV – VIOLATION OF TITLE IX, 20 U.S.C §1681, et. seq.
### (As to NEW COLLEGE BOARD OF TRUSTEES)

44. Plaintiff re-alleges paragraphs 1-27 above as if fully set forth herein.

45. Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX, of the Education Amendments of 1972, 20 U.S.C. §1681 as more fully set forth herein.

46. Section 20 U.S.C. §1681(a) provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance...."

47. At all times material, Defendant, NCBT was receiving federal funding as contemplated by 20 U.S.C. §1681, et seq.

48. The Defendant created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §68(a), because:

   a.) Plaintiff was a member of a protected class;

   b.) She was subjected to rape on campus;

   c.) She was subjected to abuse and/or harassment based on her sex;

   d.) She was subject to a hostile educational environment created by the Defendant's lack of policies and procedures and failure to prevent and properly investigate the rape, abuse and harassment reported;

   e.) She was subjected to a hostile educational environment created by the Defendant's lack of a properly supervised events on its campus.

49. The rape of Plaintiff, JANE DOE was so severe and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school including, but not limited to, the educational opportunities JANE DOE missed while absent from classes due to the trauma from the rape that eventually caused her to drop out of school.

50. Defendant was on notice of the rape of Plaintiff and failed to take action to protect the Plaintiff and instead acted with deliberate indifference toward the Plaintiff.

51. As a direct and proximate result of the Defendant's violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq., the Plaintiff has suffered personal injury, emotional distress and psychological damage, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical, mental health and nursing expenses.

WHEREFORE, Plaintiff, JANE DOE demands judgment against the Defendant, NEW COLLEGE BOARD OF TRUSTEES, a Florida Public Entity, for compensatory damages as allowed by law, interest, costs of this action, reasonable attorney fees and a trial by jury on all issues so triable.

DATED this 12th day of April, 2021.

**MALLARD LAW FIRM, P.A.**
889 N. Washington Boulevard
Sarasota, Florida 34236
(941) 952-1682
(941) 378-1605 (fax)

_____
Damian B. Mallard, Esq.
Fla. Bar. No. 882348
Elizete D. Velado, Esq.
Fla. Bar. No. 99668

**EXHIBIT A**

# MALLARD LAW FIRM

A PROFESSIONAL ASSOCIATION
889 N. WASHINGTON BOULEVARD
SARASOTA, FLORIDA 34236
E-mail: damian@mallardlawfirm.com
E-mail: sara@mallardlawfirm.com
E-mail: michael@mallardlawfirm.com
E-mail: alan@mallardlawfirm.com
E-mail: Elizete@mallardlawfirm.com

Telephone: (941) 952-1682
Facsimile: (941) 378-1605

DAMIAN B. MALLARD*+  *Board Certified Civil Trial Lawyer
SARA B. MALLARD  +Certified Circuit Civil Mediator
MICHAEL T. MURPHY
ALAN L. PEREZ
ELIZETE VELADO

Wednesday, January 15, 2020

David Altmaier, Insurance Commissioner        9214 8969 0099 9790 1207 2187 38
Florida Department of Insurance
Post Office Box 6100
Tallahassee, Florida 32314

Jimmy Patronis, CFO                           9214 8969 0099 9790 1207 2187 90
Department of Financial Services
200 East Gaines Street
Tallahassee, Florida 32399

Marshall M. Criser, III, Chancellor           9214 8969 0099 9790 1207 2188 20
State University System of Florida
325 W. Gaines St. #1614
Tallahassee, FL 32339

Felice Schulaner, Chair                       9214 8969 0099 9790 1207 2189 05
New College Board of Trustees
5800 Bay Shore Rd.
Sarasota, FL 34243

Donald B. O'Shea, President                   9214 8969 0099 9790 1207 2190 25
New College of Florida
5800 Bay Shore Rd.
Sarasota, FL 34243

David A. Fugett, General Counsel              9214 8969 0099 9790 1207 2192 09
Office of the General Counsel
New College of Florida
Cook Hall 228
5800 Bay Shore Rd.
Sarasota, FL 34243

Re: Notice of Intent to Pursue Tort Claim Pursuant to Florida Statute Section 768.28(6)(c)
Case Style: Jane Doe v. New College of Florida, a Public University and Member of the State University System
Name of Plaintiff:
Place of Birth:
Date of Birth:
Date of Incident: May 13, 2017
Social Security Number:
Tribunal: Sarasota County Circuit Court
Our File: 19-178

*NOTE: The Claimant is identified herein for the sole purpose of compliance with Chapter 768. The Claimant must be referred to hereinafter and in all future correspondence or written communication as "Jane Doe." Pursuant to § 794.03, Fla. Stat. (2019), it is unlawful to "print, publish, or broadcast, or cause or allow to be printed, published, or broadcast, in any instrument of mass communication the name, address, or other identifying fact or information of the victim of a sexual offense...." Furthermore, this Notice is confidential and not subject to the provisions of Chapter 119 and should remain confidential. Failure to maintain the confidentiality of the contents of this Notice and/or the identity of the Claimant would violate Florida Statutes and Ms. Doe's privacy rights under the Florida Constitution. Please govern yourselves accordingly.

Dear Ladies and Gentlemen:

Please be advised that the undersigned and Mallard Law Firm, P.A., represent the above-referenced person as a result of acts of negligence and negligent supervision which occurred on or about May 13, 2017, involving New College of Florida and/or its agents, servants, employees, parent and/or subsidiary companies.

As a result of the above-referenced incident, the above-named person received damages and hereby gives notice, pursuant to the above-referenced statute, of the intent to seek damages against New College of Florida, and/or its agents, servants, employees, parent and/or subsidiary companies, and all related persons and/or entities responsible for the above-referenced acts as they share responsibility for the above-referenced negligent tortuous acts resulting in Jane Doe sustaining injuries when she was raped and battered by a fellow New College Student while on the campus of New College and/or retaliation and bullying after she reported the incident.

Pursuant to Florida Statutes Section 768.28 (6) (c) the case style is or will be Jane Doe v. New College of Florida, a Public University and Member of the State University System, subject to change upon discovery responses. The tribunal will be The Circuit Court of Sarasota County. The causes of action will include but may not be limited to claims for:

(a) Negligent supervision
(b) Negligence
(c) Negligent Infliction of emotional distress
(d) Vicarious Liability

(e) Negligent Policies and/or lack of policies and/or enforcement Regarding Alcohol on Campus
(f) Violation of Civil Rights pursuant to Title IX, 20 U.S.C. §1681, Et. seq.

There are no adjudicated penalties, fines, fees, victim restitution fund or any other judgments in excess of $200.00, whether imposed by civil, criminal, or administrative tribunals owed by the above claimant to the state, its agencies, officers or subdivisions. There are no known prior adjudicated unpaid claims in excess of $200.00. We expect your response within six (6) months of receipt of this notice.

Please govern yourselves accordingly.

Very truly yours,

Elizete D. Velado

EDV:sec
Enclosure

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JANE DOE

**(b)** County of Residence of First Listed Plaintiff    Sarasota, Florida
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Damian Mallard, Esq., Mallard Law Firm, P.A., 889 N. Washington Blvd., Sarasota FL 34236 (941) 952-1682

### DEFENDANTS
NEW COLLEGE OF FLORIDA and NEW COLLEGE OF FLORIDA BOARD OF TRUSTEES
County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [x] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
20 U.S.C. Sec. 1681 et seq.; 20 U.S.C. Sec. 68(a)
Brief description of cause:
Plaintiff alleges sex discrimination in a federally funded educational program and a hostile educational environment which resulted in rape & abuse

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ Over $100,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE: May 21, 2021
SIGNATURE OF ATTORNEY OF RECORD: /s/ Samuel R. Mandelbaum, Esq.

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____