UNITED STATES DISTRICT COURT
MIDDLE DISCTICT OF FLORIDA
TAMPA DIVISION

**JANE DOE,**

    **Plaintiff,**

vs.                                            CASE NO: 8:21-cv-01245-CEH-CPT

**NEW COLLEGE OF FLORIDA, a
Public University and Member of the
State University System; and
NEW COLLEGE OF FLORIDA
BOARD OF TRUSTEES, a Florida
Public Entity,**

    **Defendants,**

_____/

## **DEFENDANTS' ANSWER, DEFENSES, AND JURY DEMAND**

COMES NOW the Defendants, NEW COLLEGE OF FLORIDA ("NCF") and NEW COLLEGE OF FLORIDA BOARD OF TRUSTEES ("NCBT"), by and through undersigned counsel, collectively referred to as the "Defendant," and hereby answer the Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes only. All other allegations and inferences are herein denied.

2. Admitted to the extent that the Florida state court for the Twelfth Judicial Circuit had venue over the previous action identified as CASE NO: 2021-

1

CA-1704-NC, which was properly removed to this Honorable Court in the present action pursuant to 28 U.S.C. §1446, 20 U.S.C. §68(a), 20 U.S.C. §1681, 28 U.S.C. §1331 and 28 U.S.C. §1367.  All other inferences and allegations contained within paragraph 2 of Plaintiff's Complaint are herein denied.

3. Without knowledge, and therefore denied.

4. Admitted to the extent that Defendant NCF, is a political subdivision of the State of Florida and a public university within the State of Florida university system.  All other inferences and allegations contained within paragraph 4 of Plaintiff's Complaint are herein denied.

5. Admitted to the extent that Defendant, NCF, is a political subdivision of the State of Florida. All other inferences and allegations contained within paragraph 5 of Plaintiff's Complaint are herein denied.

6. Denied as stated.

7. Denied as stated.

## GENERAL ALLEGATIONS

8. Without knowledge, and therefore denied.

9. Objection. This allegation is overly broad, vague, ambiguous, and tailored to mislead the trier of fact. Notwithstanding and without waiving said objections, all inferences and allegations are denied as stated.

10. Defendants object to this allegation as overly broad, vague, ambiguous, and tailored to mislead the trier of fact. Notwithstanding, and without waiving said objections, all inferences and allegations are denied as stated.

11. Defendants object to this allegation as overly broad, vague, ambiguous, and tailored to mislead the trier of fact. Notwithstanding, and without waiving said objections, all inferences and allegations are denied as stated.

12. The Defendants are without knowledge and therefore deny all other inferences and allegations contained within paragraph 12 of Plaintiff's Complaint.

13. Defendants are without knowledge and therefore deny all inferences and allegations contained within paragraph 13 of Plaintiff's Complaint.

14. Denied.

15. Denied.

16. Denied.

17. Without knowledge, and therefore denied.

18. Without knowledge, and therefore denied.

19. Without knowledge, and therefore denied.

20. Without knowledge, and therefore denied.

21. Without knowledge, and therefore denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied as stated.

26. Denied as stated.

27. Without knowledge, and therefore denied.

## COUNT I – NEGLIGENCE
### (As to NEW COLLEGE OF FLORIDA)

28. The Defendants reassert and incorporates by reference its responses to paragraphs 1 through 27 as if fully set forth herein.

29. Denied as stated.

30. The Defendants object as this allegation is broad, vague, cumulative, and likely to mislead the trier of fact. Notwithstanding, and without waiving said objections, denied as stated including all subparts.

31. Denied.

## COUNT II – VIOLATION OF TITLE IX, 20 U.S.C. §1681, et. seq.
### (As to NEW COLLEGE OF FLORIDA)

32. The Defendants reassert and incorporates by reference its responses to paragraphs 1 through 27 as if fully set forth herein.

33. Admitted only that Plaintiff has filed this action citing Title IX, of the Education Amendments of 1972, 20 U.S.C. §1681. All other inferences and allegations contained within paragraph 33 of Plaintiff's Complaint are hereby denied.

34. Admitted only that the language of 20 U.S.C. §1681 speaks for itself. Otherwise denied.

35. Admitted only that Defendant, NCF, receives federal funds. All other inferences and allegations contained within paragraph 35 of Plaintiff's Complaint are herein denied.

36. Denied, including all subparts.

37. Denied.

38. Denied.

39. Denied.

### COUNT III – NEGLIGENCE
### (As to NEW COLLEGE BOARD OF TRUSTEES)

40. The Defendants reassert and incorporates by reference its responses to paragraphs 1 through 27 as if fully set forth herein.

41. Denied as stated.

42. Denied, including all subparts.

43. Denied.

### COUNT IV – VIOLATION OF TITLE IX, 20 U.S.C. §1681, et. seq.
### (As to NEW COLLEGE BOARD OF TRUSTEES)

44. The Defendants reassert and incorporates by reference its responses to paragraphs 1 through 27 as if fully set forth herein.

45. Admitted only that Plaintiff has filed this action citing Title IX, of the Education Amendments of 1972, 20 U.S.C. §1681. All other inferences and allegations contained within paragraph 33 of Plaintiff's Complaint are hereby denied.

46. Admitted only that the language of 20 U.S.C. §1681 speaks for itself. Otherwise denied.

47. Admitted that Defendant, NCBT, receives federal funds. All other inferences and allegations contained within paragraph 35 of Plaintiff's Complaint are herein denied.

48. Denied, including all subparts.

49. Denied.

50. Denied as stated.

51. Denied.

## **DEFENSES**

### FIRST DEFENSE

The Defendants are political subdivisions of the state of Florida, and as such, to the extent that Plaintiff seeks to recover through §768.28, Florida Statutes, such recovery is limited to the statutory caps and exclusions delineated therein.

### SECOND DEFENSE

The Defendants are political subdivisions of the state of Florida, and as such, to the extent that Plaintiff seeks to recover through §768.28, Florida Statutes, The Defendants state they have not waived their sovereign immunity to suit for any covered actions, except to the extent expressly provided therein.

### THIRD DEFENSE

The Defendants are immune under section 768.28 to any conduct of its agents or employees which was done in willful and wanton disregard of human life, was performed in bad faith and outside the course and scope of the employee's position, and/or is self-serving in nature.

### FOURTH DEFENSE

Any recovery by Plaintiff is reduced or barred by any settlement, judgment or payment of any kind, relating to the incident described in Plaintiff's Complaint, paid by any individual or entity, including the state of Florida, its agencies or subdivisions.

## FIFTH DEFENSE

Plaintiff's damages were caused by the acts and/or omissions of non-parties, to whom liability and damages should be apportioned under the doctrine of *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993), because the negligence of the non-parties would reduce the responsibility of the School Board. See Fla. Stat. § 768.81(3); *Nash v. Wells Fargo Guard Servs., Inc.*, 678 So. 2d 1262 (Fla. 1996).

## SIXTH DEFENSE

Defendants assert, without admitting liability, that any award in this case must be apportioned, barred or reduced accordingly by the principles of comparative fault amongst any individuals who are deemed to have contributed to the alleged injuries, according to Fla. Stat. Sec. 768.81.

## SEVENTH DEFENSE

Plaintiff has failed to set forth allegations or facts sufficient to sustain a claim under Title IX, as well as to impute any liability to the Defendants for the alleged wrongful acts. The Plaintiff has failed to establish that the Defendants had actual knowledge that the incidents in question constituted sexual assault, acted with deliberate indifference to sexual harassment or retaliated against Plaintiff in connection with the alleged incidents. Further, the Defendants assert that the Plaintiff was not excluded from participating in, denied the benefits of, or subjected


to discrimination under any of Defendants' educational programs or activities on the basis of sex.

## EIGHTH DEFENSE

The Defendants state that any recovery by Plaintiff must be reduced or barred by Plaintiff's failure to mitigate her damages.

## NINTH DEFENSE

The Defendants state that neither the Defendants nor any of their employees engaged in any conduct that proximately caused or contributed to Plaintiff's alleged injuries and damages.

## TENTH DEFENSE

The Defendants state that any injury, loss or damage allegedly suffered by the Plaintiff did not result from any policy, custom, or usage of the Defendants.

## ELEVENTH DEFENSE

The Defendants are not liable for the acts or omissions of any of their employees which were committed while acting outside the course and scope of their employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property of Plaintiff.

## TWELFTH DEFENSE

In addition to the foregoing affirmative defenses, the Defendants hereby reserve their rights to raise additional affirmative defenses, or to file any additional applicable pleadings as discovery may reveal necessary or appropriate.

## THIRTEENTH DEFENSE

In addition to the foregoing affirmative defenses, the Defendants assert that any wrongful actions or injuries were caused or contributed to by the Plaintiff, and therefore, Plaintiff is barred from any recovery against Defendants.

## FOURTEENTH DEFENSE

In addition to the foregoing affirmative defenses, the Defendants assert that the subject "Tour de Franzia" was not a university event sponsored or sanctioned by the Defendants, and accordingly, the Defendants cannot be responsible for any actions alleged in the complaint.

## **RESERVATION OF DEFENSES**

Defendant reserves the right to seek to amend its Answer to assert additional defenses as they become known.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

**MANDELBAUM, FITZSIMMONS, HEWITT & CAIN, P.A.**

*/s/ Samuel R. Mandelbaum, Esq.*
_____
Samuel R. Mandelbaum, Esq.
Florida Bar No. #270806
Post Office Box 3373
Tampa, Florida  33601
Telephone: (813) 221-0200
Facsimile:  (813) 221-8558
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing has been furnished electronic filing through the U.S. District Court CM – ECF filing system which will electronically send copies to Damian B. Mallard, Esq., Mallard Law Firm, P.A., 889 N. Washington Blvd., Sarasota, Florida 34236, on this __25___ day of June, 2021.

*/s/ Samuel R. Mandelbaum, Esq.*

_____
ATTORNEY