IN THE CIRCUIT COURT OF THE 12TH JUDICIAL CIRCUIT IN AND FOR
SARASOTA COUNTY, FLORIDA

JANE DOE,

        Plaintiff,

vs.
                                  Case No:

NEW COLLEGE OF FLORIDA, a
Public University and Member of the
State University System;
and NEW COLLEGE OF FLORIDA
BOARD OF TRUSTEES, a Florida
Public Entity,

        Defendants.

_____ /

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL[1]

COMES NOW Plaintiff, JANE DOE, by and through the undersigned attorneys, and sues

the Defendants, NEW COLLEGE OF FLORIDA, a Public University and Member of the State

University System; hereinafter "NCF" and NEW COLLEGE OF FLORIDA BOARD OF

TRUSTEES, a Florida Public Entity, hereinafter "NCBT" and alleges as follows:

### JURISDICTION AND VENUE

1.      This is an action for damages that exceeds the sum of Thirty Thousand Dollars

($30,000.00), exclusive of costs, interest and attorneys' fees.  The estimated value of Plaintiff's

claim is in excess of the minimum jurisdictional threshold required by this Court.  Accordingly,

Plaintiff has entered "over $100,000.00" in the civil cover sheet for the "estimated amount of the

claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the

Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil

---

[1] Plaintiff has simply  added an allegation learned through discovery of the unreasonable response to her Title
IX complaints in the title IX counts contained in counts II and IV.

cover sheet for data collection and clerical purposes only).  The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.     The Twelfth Judicial Circuit Court has venue pursuant to Florida Statutes, §47.011 as the causes of action accrued in Sarasota County, Florida.

3.     At all times material, JANE DOE, was a resident of Sarasota County, Florida.

4.     At all times material, Defendant, NCF, was and is a political subdivision of the State of Florida conducting business in Sarasota County, Florida through the operation of a state university.

5.     At all times material, NCBT was and is a political subdivision of the State of Florida, conducting business in Sarasota County, Florida through the operation of a state university.

6.     At all times material, Defendant NCF acted through its teachers, staff, employees, agents and/or servants operating New College of Florida and is accordingly liable for the acts of such employees, agents and/or servants which were committed in the course and scope of their employment, agency or service.

7.     At all times material, Defendant NCBT, acted through its teachers, staff, employees, agents and/or servants operating New College of Florida and is accordingly liable for the acts of such employees, agents and/or servants which were committed in the course and scope of their employment, agency or service.

## GENERAL ALLEGATIONS

8.     From August 2015 through May 2018, the Plaintiff, JANE DOE, was a registered student at New College of Florida.

9.     At all times material to, NCBT was vested with a broad range of authority and responsibilities for governing and managing New College.

10.    At all times material to, NCBT's specific powers and duties included responsibility for making cost-effective policy decisions,  authority to adopt rules, authority to acquire and to dispose of real and personal property and for controlling college- owned property, responsibility to establish degree programs and general authority and responsibility to do all things needed to administer New College.

11.    At all times material to, NCBT had the authority to take action whether recommended by the President or not and could direct the President to deliver all information required by the Board.

12.    On May 13, 2017, Plaintiff, JANE DOE, along with approximately 50 other NCF students, participated in an on-campus annual advertised biking event at NCF, called the "The Tour De Franzia" which combines a biking event with "Franzia" wine.

13.    The "Tour De Franzia" annual biking and wine drinking event begins at the NCF bike shop and continues around the NCF campus, ending at the bayfront in front of the main administrative and academic buildings.  A number of students that participate in the event then gather on campus and continue to drink alcohol.

14.    The "Tour De Franzia" is one of many events on campus that encourage underage students to drink alcohol and students are expected to drink wine along the bike route.

15.    NCF and NCBT had actual knowledge or, through the exercise of reasonable care, should have known that underage students drank alcohol on campus during and after the "Tour de Franzia" but took no steps to intervene and prevent the underage drinking.

16.    NCF and NCBT had actual knowledge or, through the exercise of reasonable care, should have known that underage drinking can put students at risk for rape or sexual assault and that rapes and sexual assaults did and do occur on campus after such events take place.

17.     After completion of the race, another registered NCF student, Cheikhou Kane, offered the Plaintiff, JANE DOE, a drink of wine which immediately made her feel drugged and ill.

18.     NCF student, Cheikhou Kane, offered to walk Plaintiff JANE DOE, back to her friend's dorm room but instead, took her back to his dorm room.

19.     Plaintiff, JANE DOE, was unable to control her body and could not fight Cheikhou Kane or resist this much larger and stronger man when he dragged her into his dorm room, pushed her head into the mattress, repeatedly stuck her in the head, and violently raped her.

20.     Plaintiff, JANE DOE, was traumatized by the incident and did not disclose the incident until October 13, 2017 when she went to SPARCC.

21.     Plaintiff, JANE DOE, thereafter reported the rape to the Dean of Students, Dr. Robin Williamson and to other individuals employed by NCF & NCBT.

22.     Following the report, NCF & NCBT failed to investigate the rape or to take any steps to protect Plaintiff from encountering her rapist frequently on campus.

23.     Following the report, NCF & NCBT refused assistance and accommodation requested by Plaintiff when, due to worsening mental health caused by both the traumatic rape and the hostile learning environment created by NCF & NCBT's failures and negligence, her grades dropped and she found herself unable to cope with the workload.

24.     Following the report, NCF & NCBT allowed Plaintiff's rapist to graduate and Plaintiff to drop out of college.

25.     The Plaintiff has timely filed a Notice of Intent to sue NCF, through the Notice of Intent attached as Exhibit "A" and by commencement of the lawsuit within four years of May, 13, 2017.

26.   All conditions precedent to the bringing of this action have been met including the sending of a Notice of Tort Claim to New College of Florida, pursuant to Florida Statue §768.28(6) a copy of which is attached hereto has Exhibit "A" .

27.   Plaintiff has retained undersigned counsel and agreed to pay a reasonable fee for their services.

## COUNT 1 – NEGLIGENCE
### (As to NEW COLLEGE OF FLORIDA)

28.   Plaintiff., JANE DOE re-alleges paragraphs 1-27 above as if fully set forth herein.

29.   Defendant, NCF, owed Plaintiff, as a lawful invitee on its premises and as a student attending its school, a duty to provide a safe environment and to keep the Plaintiff safe from physical, mental and sexual abuse.

30.   The Defendant breached its duty of care to the Plaintiff through the following acts and omissions:

a) Failing to prevent the Plaintiff from being sexually assaulted on campus;

b) Failing to develop and implement adequate policies and procedures to prevent sexual, physical and mental abuse;

c) Failing to develop and implement adequate policies and procedures to prevent underage drinking on campus;

d) Failing to enforce the school's own policies and procedures and the prevention of abuse of students, including sexual abuse;

e) Failing to enforce the school's own policies and procedures and the prevention of underage drinking;

f)  Failing to keep the Plaintiff free from sexual, physical and mental abuse from a student who was known to the school, or through the exercise of reasonable care should have been known to the school, to engage in such acts of abuse;

g)  Failing to provide adequate and proper supervision of students, in order to prevent sexual, physical and mental abuse of the students;

h)  Failing to provide adequate and proper supervision of students, in order to prevent underage drinking;

i)  Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the Plaintiff, from sexual, physical and mental abuse and rape;

j)  Failing to implement or enforce the prohibition of alcohol use on campus;

k)  Failing to adequately respond to the report of rape once it was made;

l)  Failing to properly investigate the report of rape once it was made;

m) Failing to implement or enforce policies and procedures to address sexual assault and rape on campus;

n)  Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the Plaintiff, from being subjected to a hostile learning environment;

o)  Creating a hostile learning environment by requiring Plaintiff to continue attending classes with her rapist; and

p)  Otherwise failing to provide for the safety and well-being of the Plaintiff.

31.    As a direct and proximate result of the acts and omissions of the Defendant, the Plaintiff, JANE DOE suffered personal injuries, mental anguish, pain and suffering,

inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical and nursing expense.  These damages have occurred in the past and are anticipated to be incurred in the future.

WHEREFORE, Plaintiff JANE DOE demands judgment against the Defendant, NEW COLLEGE OF FLORIDA, a Public University and Member of the State University System, for compensatory damages as allowed by law, interest, costs of this action and a trial by jury on all issues so triable.

### COUNT II – VIOLATION OF TITLE IX, 20 U.S.C §1681, et. seq.
### (As to NEW COLLEGE OF FLORIDA)

32.     Plaintiff re-alleges paragraphs 1-27 above as if fully set forth herein.

33.     Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX, of the Education Amendments of 1972, 20 U.S.C. §1681 as more fully set forth herein **and for a clearly unreasonable response to Plaintiff's report of title IX violations.**

34.     Section 20 U.S.C. §1681(a) provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance…."

35.     At all times material, Defendant, NCF was receiving federal funding as contemplated by 20 U.S.C. §1681, et seq.

36.     The Defendant created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §68(a), **and had a clearly unreasonable response to her title IX allegations** because:

**a.)** Plaintiff was a member of a protected class;

**b.)** She was subjected to rape on campus;

7

**c.)** She was subjected to abuse and/or harassment based on her sex;

**d.)** She was subject to a hostile educational environment created by the Defendant's lack of policies and procedures and failure to prevent and properly investigate the rape, abuse and harassment reported;

**e.)** She was subjected to a hostile educational environment created by the Defendant's lack of a properly supervised events on its campus;

**f.) There was a clearly unreasonable response to her Title IX complaint.**

37.     The rape of Plaintiff, JANE DOE was so severe and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school including, but not limited to, the educational opportunities JANE DOE missed while absent from classes due to the trauma from the rape that eventually caused her to drop out of school.

38.     Defendant was on notice of the rape of Plaintiff and failed to take action to protect the Plaintiff and instead acted with deliberate indifference toward the Plaintiff.

39.     As a direct and proximate result of the Defendant's violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq., the Plaintiff has suffered personal injury, emotional distress and psychological damage, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical, mental health and nursing expenses.

WHEREFORE, Plaintiff, JANE DOE demands judgment against the Defendant, NEW COLLEGE OF FLORIDA, a Public University and Member of the State University System, for compensatory damages as allowed by law, interest, costs of this action, reasonable attorney fees and a trial by jury on all issues so triable.

### COUNT III – NEGLIGENCE
**(AS TO NEW COLLEGE BOARD OF TRUSTEES)**

40.     Plaintiff., JANE DOE re-alleges paragraphs 1-27 above as if fully set forth herein.

41.     Defendant, NCBT, owed Plaintiff, as a lawful invitee on its premises and as a student attending its school, a duty to provide a safe environment and to keep the Plaintiff safe from physical, mental and sexual abuse.

42.     The Defendant breached its duty of care to the Plaintiff through the following acts and omissions:

a) Failing to prevent the Plaintiff from being sexually assaulted on campus;

b) Failing to develop and implement adequate policies and procedures to prevent sexual, physical and mental abuse;

c) Failing to develop and implement adequate policies and procedures to prevent underage drinking on campus;

d) Failing to enforce the school's own policies and procedures and the prevention of abuse of students, including sexual abuse;

e) Failing to enforce the school's own policies and procedures and the prevention of underage drinking;

f) Failing to keep the Plaintiff free from sexual, physical and mental abuse from a student who was known to the school, or through the exercise of reasonable care should have been known to the school, to engage in such acts of abuse;

g) Failing to provide adequate and proper supervision of students, in order to prevent sexual, physical and mental abuse of the students;

h) Failing to provide adequate and proper supervision of students, in order to prevent underage drinking;

i) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the Plaintiff, from sexual, physical and mental abuse and rape;

j) Failing to implement or enforce the prohibition of alcohol use on campus;

k) Failing to adequately respond to the report of rape once it was made;

l) Failing to properly investigate the report of rape once it was made;

m) Failing to implement or enforce policies and procedures to address sexual assault and rape on campus;

n) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the Plaintiff, from being subjected to a hostile learning environment;

o) Creating a hostile learning environment by requiring Plaintiff to continue attending classes with her rapist; and

p) Otherwise failing to provide for the safety and well-being of the Plaintiff.

43.   As a direct and proximate result of the acts and omissions of the Defendant, the Plaintiff, JANE DOE suffered personal injuries, mental anguish, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical and nursing expense.  These damages have occurred in the past and are anticipated to be incurred in the future.

WHEREFORE, Plaintiff JANE DOE demands judgment against the Defendant, NEW COLLEGE BOARD OF TRUSTEES, a Florida Public Entity, for compensatory damages as allowed by law, interest, costs of this action and a trial by jury on all issues so triable.

## COUNT IV – VIOLATION OF TITLE IX, 20 U.S.C §1681, et. seq.
### (As to NEW COLLEGE BOARD OF TRUSTEES)

44.     Plaintiff re-alleges paragraphs 1-27 above as if fully set forth herein.

45.     Plaintiff brings this action to redress a hostile educational environment pursuant to Title IX, of the Education Amendments of 1972, 20 U.S.C. §1681 as more fully set forth herein **and for a clearly unreasonable response to Plaintiff's report of title IX violations.**

46.     Section 20 U.S.C. §1681(a) provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance…."

47.     At all times material, Defendant, NCBT was receiving federal funding as contemplated by 20 U.S.C. §1681, et seq.

48.     The Defendant created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §68(a), **and had a clearly unreasonable response to her title IX allegations** because:

a.)  Plaintiff was a member of a protected class;

b.)  She was subjected to rape on campus;

c.)  She was subjected to abuse and/or harassment based on her sex;

d.)  She was subject to a hostile educational environment created by the Defendant's lack of policies and procedures and failure to prevent and properly investigate the rape, abuse and harassment reported;

e.)  She was subjected to a hostile educational environment created by the Defendant's lack of a properly supervised events on its campus;

f.)  **There was a clearly unreasonable response to her Title IX complaint.**

49.     The rape of Plaintiff, JANE DOE was so severe and objectively offensive that it deprived Plaintiff of access to educational opportunities or benefits provided by the school including, but not limited to, the educational opportunities JANE DOE missed while absent from classes due to the trauma from the rape that eventually caused her to drop out of school.

50.     Defendant was on notice of the rape of Plaintiff and failed to take action to protect the Plaintiff and instead acted with deliberate indifference toward the Plaintiff.

51.     As a direct and proximate result of the Defendant's violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq., the Plaintiff has suffered personal injury, emotional distress and psychological damage, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical, mental health and nursing expenses.

WHEREFORE, Plaintiff, JANE DOE demands judgment against the Defendant, NEW COLLEGE BOARD OF TRUSTEES, a Florida Public Entity, for compensatory damages as allowed by law, interest, costs of this action, reasonable attorney fees and a trial by jury on all issues so triable.

DATED this _____ day of July, 2022.

**MALLARD LAW FIRM, P.A.**
889 N. Washington Boulevard
Sarasota, Florida 34236
(941) 952-1682
(941) 378-1605 (fax)

_____
Damian B. Mallard, Esq.
Fla. Bar. No. 882348
Elizete D. Velado, Esq.
Fla. Bar. No. 99668

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this this ___ day of July, 2022, by CM/ECF electronic filing to the Clerk of the Court and to the following:

Christopher D. Hastings
Quintairos, Prieto, Wood & Boyer, P.A.
277  North Bronough Street
Suite 7400
Tallahassee, FL  32301
Email Address: christopher.hastings@qpwblaw.com
    Attorney For: New College of Florida

John S. Derr
Quintairos, Prieto, Wood & Boyer, P.A.
277  North Bronough Street
Suite 7400
Tallahassee, FL  32301
Email Address: jderr@qpwlblaw.com;gail.clark@qpwblaw.com
    Attorney For: New College of Florida

> **MALLARD PEREZ, PLLC**
> 889 N. Washington Boulevard
> Sarasota, Florida  34236
> (941) 952-1682
> (941) 378-1605(fax)
>
>
> /s/ Damian B. Mallard
> , Esq. – Trial Counsel
> Fla. Bar. No.
> Damian@Mallardlawfirm.com
> Counsel for Plaintiffs