UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JANE DOE,

       Plaintiff,

vs.

NEW COLLEGE OF FLORIDA, a    Case No: 8:21-cv-01245-CEH-CPT
Public University and Member of the
State University System;
and NEW COLLEGE OF FLORIDA
BOARD OF TRUSTEES, a Florida
Public Entity,

       Defendants.
_____/

# JOINT PRETRIAL STATEMENT

The parties, by and through their respective counsel and pursuant to Local Rule 3.06 submit this Joint Pretrial Statement:

**I.  BASIS OF JURISDICTION**

This is an action which arises under the Title IX, of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. and 20 U.S.C. §68(a). Plaintiff has also brought claims for general negligence. As a result, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343.

**II.  NATURE OF ACTION**

This is an action for personal injuries sustained by Plaintiff, Jane Doe, due to the alleged negligence and of deliberate indifference to and violation of Plaintiff's rights under Title IX.

### III. GENERAL STATEMENT OF THE CASE

### A. Plaintiff's Statement of the Case

From August 2015 through May 2018, the Plaintiff, JANE DOE, was a registered student at New College of Florida. On May 13, 2017, the Plaintiff participated in an event that took place on and around the New College of Florida campus and which was organized and run by members of the student government and facilitated by an employee of the Bike Shop on campus called the Tour de Franzia. She was provided alcohol by a Bike Shop employee and by other students, despite being underage, and allowed to consume alcohol on campus. At one point, she became suddenly disoriented and lost control of her faculties; at that point she was led away from the event to an on-campus dormitory and violently raped by another student.

Plaintiff alleges that Defendants, New College of Florida and New College of Florida Board of Trustees, were negligent in failing to consistently and adequately enforce policies related to alcohol and drug use on camps and in failing to take appropriate steps to curb the frequent events centered around drinking and drug use that were known to occur on campus. Plaintiff further alleges that Defendants were negligent in failing to provide a clear and accessible process for students to report incidents of rape and sexual assault on campus by failing to maintain up-to-date information about Title IX on their website, failing to take reasonable steps to disseminate information, and by consistently failing to respond appropriately to Title IX complaints, thereby fostering distrust in the entire Title IX process. Plaintiff further alleges that Defendants were negligent, through their agents, including Dean Robin Williamson, in failing to investigate the rape when Plaintiff did

2

report it in May 2018, by telling Plaintiff that the "only thing" that could be done in response to her report would be to put a no-contact order in place for the following year, and by failing to adequately document the oral report or maintain records related to the oral report.

Plaintiff further alleges that as a direct result of this negligence, Plaintiff suffered severe physical and psychological injuries, lost wages, loss of future earning capacity, pain, suffering, mental anguish, disfigurement, and loss of the capacity to enjoy life.

In addition, Plaintiff alleges that Defendants acted with deliberate indifference to her health, safety and wellbeing, and the health, safety and wellbeing of all New College of Florida students, when they failed to carry out their own policies, procedures, and task force recommendations designed to curb alcohol use and curb the availability of drugs on the New College of Florida campus.  Defendants had actual knowledge of the danger unsupervised on-campus drinking posed to students in terms of an increased risk of on-campus rape and sexual assault because Defendants had been notified of this risk. Defendants nevertheless failed to enforce their own policies and procedures and failed to take steps to implement the recommendations of a 2015 task force created to address the problem of drug and alcohol use on campus.  The deliberate indifference of Defendants and their agents permitted on-campus alcohol and drug use, and the resultant heightened risk of on-campus rape, to persist unchecked.  Plaintiff was one of many victims of this deliberate indifference, and she further alleges that when she ultimately reported the rape, Defendants failed to take appropriate steps to protect her and carry out their duties under Title IX. Plaintiff alleges that Defendants' deliberate indifference to the increased risk of

3

rape and sexual assault posed by permitting drinking and drug use to persist unchecked, as well as the Defendants' deliberate indifference to the report that was ultimately made, resulted in a hostile educational environment where she no longer felt safe attending school, violating her rights under Title IX.  Plaintiff further alleges that the violations of her Title IX rights resulted in severe physical and psychological injuries, lost wages, loss of future earning capacity, pain, suffering, mental anguish, disfigurement, and loss of the capacity to enjoy life, as well as attorney's fees which have been or will be incurred.

### B. **Defendant's Statement of the Case**

Plaintiff was a student of New College of Florida from 2015 to 2017. At the conclusion of her sophomore year, one of Plaintiff's friends invited her to a party on campus involving other students, which the students named "Tour de Franzia." The Tour de Franzia took place on May 13, 2017.

The participants divided into "teams," and Cheikou Kane invited her onto his team. The students rode their bicycles for two hours while drinking boxed wine on and off campus. Plaintiff rode with Cheikou Kane and the rest of her team throughout the race. Plaintiff was nineteen (19) years old at the time, and she drank the wine as she rode along with other students.

At the end of the race, Plaintiff was intoxicated, but still able to "sing, dance, swim," and "walk by herself." Plaintiff contends she ultimately became intoxicated and was raped by Cheikou Kane.

Dr. Robin Williamson, Dean of Student Affairs, had never heard of the "Tour de Franzia" in the three years that she has been working at NCF, until this case was filed. The

4

New College Police regularly patrolled the campus and addressed policy violations as they saw them. Dr. Donal O'Shea, President of New College of Florida, had never heard of the "Tour de Franzia." Dr. Mark Steir, former Senior Associate Dean of Students, also did not know about the "Tour de Franzia." Michael Kessie, the former Chief of Police at New College of Florida, also was unfamiliar with the "Tour de Franzia." The "Tour de Franzia was not a school sponsored activity. In fact, it was managed in such a way as to avoid persons in authority interfering with or preventing it.

Duane Khan, Ph.D., was Plaintiff's psychological counselor. During a counseling session some months after the alleged assault, Plaintiff said she was having relationship problems because of a sexual assault by another student. Duane Khan is not a mandatory reporter under Title IX. In fact, Duane Khan was required to keep whatever Plaintiff said confidential.

Rebecca Caskey (formerly Sarver) became the Title IX Coordinator on May 7, 2017, before the "Tour de Franzia" took place on May 13, 2017. Ms. Caskey did not know about the "Tour de Franzia."

Plaintiff failed all but one of her courses in 2018. She did not tell anyone about the sexual assault, other than her personal friends and in Dr. Kahn in confidential counseling. Plaintiff became the student body president shortly after the alleged sexual assault. Plaintiff asked to meet Rebecca Caskey, to ask how Ms. Caskey was going to address Title IX in the future as the new coordinator.

The earliest Plaintiff alleges to have told someone affiliated with New College of Florida about the rape, other than her psychological counselor, was in May 2018 when she

5

spoke with Dean Robin Williamson. Beforehand, Plaintiff and Dr. Williamson had spoken with each other frequently throughout the school year. This conversation allegedly took place approximately one week before the Spring 2018 graduation, when Cheikou Kane was about to graduate. Dr. Williamson denies Plaintiff told her about an assault or that she felt she was being stalked. During that year Plaintiff spoke with a number of professors and administrators about her lack of progress in school. Plaintiff did not raise the sexual assault as a cause during any of these conversations. Plaintiff admits she left Dr. Williamson's office that day and immediately walked across the hall to the registrar's office where she unenrolled from school.

Plaintiff never made a Title IX complaint to the school, never told any mandatory reporter about her assault, and never asked anyone to report the assault on her behalf.

## IV. EXHIBITS

See Plaintiff's Exhibit List attached as **Exhibit A**.

*Objection: Defendant's objections are noted on Plaintiff's Exhibit List.*

See Defendant's Exhibit List attached as **Exhibit B**.

*Objection: Plaintiff's objections are noted on Defendant's Exhibit List.*

## V. WITNESSES

### A. Plaintiff's Witness List

1. Plaintiff, Jane Doe
   a. Very likely to testify
   b. Objections: Reserved

2. Ana Maria Bez
   a. Very likely to testify
   b. Objections: Hearsay

3. Alexandra Shelle
    a. Very likely to testify
    b. Objections: Hearsay

4. Kayla Kisseadoo
    a. Very likely to testify
    b. Objections: Hearsay

5. Rebecca Caskey
    a. Very likely to testify
    b. Objections: Reserved

6. Erin Robinson, PsyD
    a. Very likely to testify
    b. Objections: Reserved

7. Uzi Baram, Phd
    a. Very likely to testify
    b. Objections: Reserved

8. Robin Williamson, PhD
    a. Very likely to testify
    b. Objections: Reserved

9. Michael Kessie
    a. Very likely to testify
    b. Objections: Reserved

10. Tara Centeno
    a. Very likely to testify
    b. Objections: Reserved

11. Donald O'Shea
    a. Very likely to testify
    b. Objections:

12. Mark Steir, PhD
    a. Very likely to testify
    b. Objections: Reserved

Any witnesses listed by Defendant not otherwise contained herein.

B. **Defendant's Witness List**

1. Robin Williamson, Ph.D
   a. Very likely to testify
   b. Objections: hearsay

2. Donal O'Shea, Ph.D
   a. Very likely to testify
   b. Objections: hearsay

3. Cheikhou Kan
   a. Very likely to testify
   b. Objections: hearsay

4. Michael Kessie
   a. Very Likely to testify
   b. Objections: hearsay

5. Tara Centeno
   a. Very likely to testify
   b. Objections: hearsay

VI. **EXPERT WITNESSES**

A. Plaintiff's Expert Witnesses

1. Dr. Christina Dillahunt-Aspillaga, Ph.D.

Dr. Dillahunt-Aspillaga is a Certified Rehabilitation Counselor, Certified Vocational Evaluator, International Certified Vocational Evaluator, Certified Life Care Planner and Fellow American Congress of Rehabilitation Medicine. Dr. Dillahunt-Aspillaga will give expert testimony regarding life care plan and vocational rehabilitation of the plaintiff based on her evaluation of the plaintiff, experience, training and other specialized knowledge.

Objections: Insufficient Predicate

2. Kristi S. Kirby, MBA, M.Ed.– Economist

Kristi S. Kirby, MBA, M.Ed. is a qualified economic expert witness and member of the National Association of Forensic Economists. Ms. Kirby will give expert testimony regarding the appraisal of past and future economic and financial losses associated with Jane Doe's reduced capacity.

Objections: Insufficient Predicate

3.   Dr. Hugo González Cantú, Psychiatrist

Dr. González Cantú is a psychiatrist who evaluated and treated the plaintiff in Mexico beginning in December 2017. He will testify about his diagnosis and treatment of the plaintiff, the effects that the events of May 13, 2017 have had on the plaintiff, causation and may give expert testimony at the trial of this matter.

Dr. González Cantú's anticipated testimony will be based on his care and treatment of the plaintiff. The visits were at this office and at the Hospital Español.

Dr. González Cantú provided treatment related to the patient's major depressive disorder, post-traumatic stress disorder and bipolar disorder developed or exacerbated by the sexual assault and by Defendant's negligent handling of the plaintiff's report. Dr. Cantú will testify that the plaintiff either suffered from these conditions as a result of the sexual violence that occurred May 13, 2017 and by Defendant's failure to properly investigate the assault or that any existing conditions were worsened or exacerbated as a result of the same.

Objections: Reserved

4.   Dr. Manuel Sánchez de Carmona Luna y Parra

Dr. Manuel Sánchez de Carmona Luna y Parra is a psychiatrist who treated the plaintiff for Post Traumatic Stress Disorder as a result of sexual violence. He will testify about his diagnosis and treatment of the plaintiff, the effects that the events of May 13, 2017 have had on the plaintiff, causation and may give expert testimony at the trial of this matter.

Dr. Manuel Sánchez de Carmona Luna y Parra's anticipated testimony will be based on his care and treatment of the plaintiff. The visits were at Frente Hospital ABC Sante Fe´ México D.F. 05200

Dr. Manuel Sánchez de Carmona Luna y Parra's provided treatment related to the patient's major depressive disorder, post-traumatic stress disorder and bipolar

disorder developed or exacerbated by the sexual assault and by Defendant's negligent handling of the plaintiff's report. He will testify that the plaintiff either suffered from these conditions as a result of the sexual violence that occurred May 13, 2017 and by Defendant's failure to properly investigate the assault or that any existing conditions were worsened or exacerbated as a result of the same.

Objections: Reserved

5. Dr. Hiram Ortega Ortiz

Dr. Hiram Ortega Ortiz is a psychiatrist who treated the plaintiff for Post-Traumatic Stress Disorder as a result of sexual violence. He will testify about his diagnosis and treatment of the plaintiff, the effects that the events of May 13, 2017 have had on the plaintiff, causation and may give expert testimony at the trial of this matter.

Dr. Hiram Ortega Ortiz's anticipated testimony will be based on his care and treatment of the plaintiff. The visits were at Médico Tratante Clínica de Trastornos Afectivos Instituto Nacional De Psiquiatria.

Dr. Hiram Ortega Ortiz provided treatment related to the patient's major depressive disorder, post-traumatic stress disorder and bipolar disorder developed or exacerbated by the sexual assault and by Defendant's negligent handling of the plaintiff's report. He will testify that the plaintiff either suffered from these conditions as a result of the sexual violence that occurred May 13, 2017 and by Defendant's failure to properly investigate the assault or that any existing conditions were worsened or exacerbated as a result of the same.

Objections: Reserved

6. Dr. Victor Rodriguez

Dr. Victor Rodriguez is a psychiatrist who treated the plaintiff for Post - Traumatic Stress Disorder as a result of sexual violence. He will testify about his diagnosis and treatment of the plaintiff, the effects that the events of May 13, 2017 have had on the plaintiff, causation and may give expert testimony at the trial of this matter.

Dr. Victor Rodriguez's anticipated testimony will be based on his care and treatment of the plaintiff. The visits were at Médico Tratante Clínica de Trastornos Afectivos Instituto Nacional De Psiquiatria.

Dr. Victor Rodriguez provided treatment related to the patient's major depressive disorder, post-traumatic stress disorder and bipolar disorder developed or exacerbated by the sexual assault and by Defendant's negligent handling of the plaintiff's report. He will testify that the plaintiff either suffered from these conditions as a result of the sexual violence that occurred May 13, 2017 and by Defendant's failure to properly investigate the assault or that any existing conditions were worsened or exacerbated as a result of the same.

Objections: Reserved

7. Melissa Koerner LCSW

Ms. Koerner is a therapist who is treating the plaintiff for Post-Traumatic Stress Disorder as a result of sexual violence. She will testify about her diagnosis and treatment of the plaintiff, the effects that the events of May 13, 2017 have had on the plaintiff, causation and may give expert testimony at the trial of this matter. Ms. Koerner is not required to provide any written report as she was not retained or specifically employed to provide expert testimony in this case.

Objections: Reserved

8. Dr. Christopher M. Cortman
Licensed Psychologist

Dr. Cortman is a licensed psychologist who is assisting Melissa Koerner, LCSW in the treatment of the plaintiff for PTSD as a result of sexual violence. He performed an assessment of Jane Doe and made some treatment recommendations. Dr. Cortman will testify about his diagnosis and treatment of the plaintiff and give expert opinion testimony as to causation, past and future damages.

Objections: Reserved

9. Duane Khan, PhD.

Dr. Kahn is a licensed psychologist and was a counseling specialist at New College of Florida. He consulted with the plaintiff in April 2017 and began treating the plaintiff in the fall of 2017. Dr. Khan will testify about his diagnosis and treatment of the plaintiff her disclosure of the rape and the effects that the events of

11

May 13, 2017 have had on the plaintiff. He will give expert testimony as to causation, defendant's lack of response and failure to implement policies regarding underage drinking on campus and correlation between drug and alcohol use on campus at PCP/Coup parties and sex assaults on campus.

Objections:

B. <u>Defendant's Expert Witnesses</u>

None.

## VII. **BREAKDOWN OF PLAINTIFF'S DAMAGES**

Plaintiff's damages are as follows:

**ECONOMIC DAMAGES:**

- **Past Medical and Other Expenses:**      **$ 131,714.23 to 135,714.23**

- **Future Medical Damages:**      **$ 399,847.00 to 522,621.00**

- **Future Loss of Earning Capacity:**      **$1,759,923.00 to 4,087,259.00**

- **Total Economic Damages:**      **$2,291,484.23 to 4,745,594.23**

**NON-ECONOMIC DAMAGES:**

- **Past** – Pain & Suffering, Loss of Capacity for Enjoyment of Life, Scarring, Inconvenience of living with mental injuries and limitations
  - Total Past Non-Economic Damages:      **$5,000,000.00**

- **Future** – Pain & Suffering, Loss of Capacity for Enjoyment of Life, Disfigurement/Scarring, Inconvenience of living with mental and physical injuries and limitations
  - Total Future Non-Economic Damages:      **$5,000,000.00**

- **Total Non-Economic Damages:**      **$10,000,000.00**

12

**TOTAL DAMAGES:**                              **$12,291,484.23 to 14,745,594.23**

**VIII.  DEPOSITIONS TO BE OFFERED AT TRIAL**

    A.  <u>Plaintiff</u>

The following videotaped depositions are likely to be offered at trial due to the known unavailability of the witness or the fact that the witness is a skilled expert:

    a.  Duane Khan, PhD – may be offered as deposition of skilled witness
    b.  Robin Williamson, PhD – may be offered due to witness unavailability
    c.  Depositions to be taken of Plaintiffs Experts for use at trial in lieu of live testimony

The following videotaped depositions or deposition transcripts will only be offered in lieu of live testimony if the deponent is unexpectedly unavailable to testify live.

    a.  Rebecca Caskey
    b.  Erin Robinson, Psy D
    c.  Uzi Baram, PhD
    d.  Michael Kessie
    e.  Tara Centeno
    f.  Donald O'Shea Vol. 1
    g.  Donald O'Shea Vol. 2
    h.  Mark Steir, PhD

    B.  <u>Defendant</u>

    None.

**IX.  STATEMENT OF ADMITTED FACTS**

Dates of attendance at New College by Plaintiff.

**X.  AGREED-UPON PRINCIPLES OF LAW**

Jurisdiction of the court.  Florida Substantive Law Applies to Plaintiff's Negligence claim.

**XI.  DISPUTED ISSUES OF FACT WHICH REMAIN TO BE LITIGATED**

    1.  Whether Defendant was negligent such that it caused injury to Plaintiff

      2.      Whether Defendant's actions were deliberately indifferent such that they violated Plaintiff's Title IX rights

      3.      The extent of Plaintiff's damages (stated by category above by Plaintiff)

## XII. ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

None known.

## XIII. PENDING MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT

1. Defendant's Motion for Leave to File Motion for Summary Judgment Out of Time

2. Plaintiff's Motion to Seal

3. Plaintiff's First Motion in Limine

4. Other Motions in Limine, to be filed

## XIV. USEFULNESS OF SETTLEMENT DISCUSIONS

The parties are currently engaged in settlement negotiations.

DATED this 15th of November, 2022

"In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action."

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this this 15th day of November, 2022, by CM/ECF electronic filing to the Clerk of the Court and to the following:

Christopher D. Hastings  
Quintairos, Prieto, Wood & Boyer, P.A.  
277 North Bronough Street  
Suite 7400  
Tallahassee, FL  32301  
Email Address: christopher.hastings@qpwblaw.com  
   Attorney For: New College of Florida

John S. Derr
Quintairos, Prieto, Wood & Boyer, P.A.
277  North Bronough Street
Suite 7400
Tallahassee, FL  32301
Email Address: jderr@qpwlblaw.com;gail.clark@qpwblaw.com
   Attorney For: New College of Florida

                        **MALLARD PEREZ, PLLC**
                        889 N. Washington Boulevard
                        Sarasota, Florida 34236
                        (941) 952-1682
                        (941) 378-1605(fax)


                        /s/ Damian B. Mallard
                        Damian B.  Mallard, Esq. – Trial Counsel
                        Fla. Bar. No. 0882348
                        Damian@Mallardlawfirm.com
                        Counsel for Plaintiffs