**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JANE DOE,**

       **Plaintiff,**

**vs.**

**NEW COLLEGE OF FLORIDA, a**     **Case No: 8:21-cv-01245-CEH-CPT**
**Public University and Member of the**
**State University System;**
**and NEW COLLEGE OF FLORIDA**
**BOARD OF TRUSTEES, a Florida**
**Public Entity,**

       **Defendants.**
_____/

**<u>PROPOSED JURY INSTRUCTIONS</u>**

## 1.1
## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- · the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- · the witness's memory;

- · the witness's manner while testifying;

- · any interest the witness has in the outcome of the case;

- · any bias or prejudice the witness may have;

- · any other evidence that contradicts the witness's testimony;

- · the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Jane Doe, claims the Defendants, New College of Florida and/or the New College Board of Trustees, through their agents or representatives, were negligent and/or violated Jane Doe's rights under Title IX. New College of Florida and the New College of Florida Board of Trustees deny those claims and contend Jane Doe was comparatively negligent. New College of Florida and the New College Board of Trustees contend Plaintiff did not report a Title IX violation.

<u>Burden of proof</u>:

Jane Doe has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Jane Doe must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Jane Doe and the evidence favoring New College of Florida and the New College of Florida Board of Trustees on opposite sides of balancing scales, Jane Doe needs to make the scales tip to her side. If Jane Doe fails to meet

this burden, you must find in favor of New College of Florida and the New College of Florida Board of Trustees.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," New College of Florida and the New College of Florida Board of Trustees has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts New College of Florida and the New College of Florida Board of Trustees must prove for any affirmative defense. After considering all the evidence, if you decide that New College of Florida and/or the New College of Florida Board of Trustees has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information

about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related

to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Jane Doe will present her witnesses and ask them questions. After Jane Doe questions the witness, New College of Florida and the New College of Florida Board of Trustees may ask the witness questions – this is called "cross-examining" the witness. Then New College of Florida and the New College of Florida Board of Trustees will present their witnesses, and Jane Doe may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

**1.3 Official English Translation/Interpretation**

You may hear or see languages other than English during this trial.

You must consider evidence provided through only the official court interpreter. It is important that all jurors consider the same evidence. So even if some of you know Spanish, you must accept the English translation provided and disregard any different meaning.

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

· First, you must submit all questions in writing. Please don't ask any questions aloud.

· Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

· Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

## 1.5 Interim Statements

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**2.2 Use of Depositions**

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

**2.3 Use of Recorded Conversations and Transcripts**

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

**2.4 Interim Statements**

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [<u>name of attorney</u>] is going to make a short statement. Please remember that the statement you are about to hear – like all statements by the lawyers – is [Mr./Ms.] [<u>name of attorney</u>]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

**2.8 Civil *Allen* Charge**

Members of the jury:

I'm going to ask you to continue your deliberations to reach a verdict. Please consider the following comments.

This is an important case. The trial has been expensive in terms of time, effort, money, and emotional strain to both the plaintiff and the defendant. If you fail to agree on a verdict, the case remains open and may have to be tried again. A second trial would be costly to both sides, and there's no reason to believe either side can try it again better or more exhaustively than they have tried it before you.

Any future jury would be selected in the same manner and from the same source as you. There's no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it – or that either side could produce more or clearer evidence.

It's your duty to consult with one another and to deliberate with a view to reaching an agreement – if you can do it without violating your individual judgment. You must not give up your honest beliefs about the evidence's weight or effect solely because of other jurors' opinions or just to return a verdict. You must each decide the case for yourself – but only after you consider the evidence with your fellow jurors.

You shouldn't hesitate to reexamine your own views and change your opinion if you become convinced it's wrong. To bring your minds to a unanimous result, you must openly and frankly examine the questions submitted to you with proper regard for the opinions of others and with a willingness to reexamine your own views.

If a substantial majority of you is for a verdict for one party, each of you who holds a different position ought to consider whether your position is reasonable. It may not be reasonable since it makes so little impression on the minds of your fellow jurors – who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and reconsider all the evidence in light of the court's instructions on the law. You may take all the time that you need.

I remind you that in your deliberations, you are to consider the court's instructions as a whole. You shouldn't single out any part of any instructions including this one, and ignore others.

You may now return to the jury room and continue your deliberations.

**3.1 Introduction**

UNITED STATES DISTRICT COURT
_____ DISTRICT OF _____
_____ DIVISION

CASE NO. _____

_____,

      Plaintiff,

vs.

_____,

      Defendant.

_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

### 3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

### 3.3 Consideration of Direct and Circumstantial Evidence;
###    Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.6.1 Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case it is the responsibility of the Plaintiff to prove every essential part of her claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the party making that claim or contention.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

### 3.7.2 Responsibility for Proof – Affirmative Defense
###    Preponderance of the Evidence

In this case, the Defendants assert the affirmative defense of comparative negligence. Even if the Plaintiff proves her claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendants do not have to disprove the Plaintiff's claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### 3.9 Election of Foreperson Explanation of Verdict Form[s]

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

## **Substantive Instructions: Negligence**

### **401.1 INTRODUCTION**

Members of the jury, you have now heard and received all of the evidence in this case. I am now going to tell you about the rules of law that you must use in reaching your verdict. When I finish telling you about the rules of law, the attorneys will present their final arguments and you will then retire to decide your verdict.

### **401.2 SUMMARY OF CLAIMS**

The claims and defenses in this case are as follows. Jane Doe claims that New College of Florida and the New College of Florida Board of Trustees were negligent in failing to act with reasonable prudence to protect its students, including Jane Doe, from rape, and in failing to act with reasonable prudence in investigating claims of rape and sexual assault, and this negligence caused her harm.

Plaintiff brings two claims. With respect to her Title IX claim, Plaintiff contends New College and the New College Board of Trustees did not investigate her claims of rape and sexual assault, and therefore had an unreasonable response. With respect to her negligence claim, Plaintiff contends New College, and the New College Board of Trustees had a duty to act with reasonable care to protect her from rape and sexual assault and breached that duty by failing to do so.

New College of Florida and the New College of Florida Board of Trustees deny these claims and also claim that Jane Doe was herself negligent in failing to act with reasonable care for her own safety. which caused her harm.

The parties must prove their claims and defenses by the greater weight of the evidence. I will now define some of the terms you will use in deciding this case.

### 401.3 GREATER WEIGHT OF THE EVIDENCE

"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

### 401.4 NEGLIGENCE

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

### 401.12 LEGAL CAUSE

*Legal cause generally:*

Negligence is a legal cause of loss, injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such loss

injury or damage, so that it can reasonably be said that, but for the negligence, the loss, injury or damage would not have occurred.

*Concurring cause:*

In order to be regarded as a legal cause of loss, injury or damage negligence need not be the only cause. Negligence may be a legal cause of loss, injury or damage even though it operates in combination with the act of another, if the negligence contributes substantially to producing such loss, injury or damage.

*Intervening cause*:

Negligence may also be a legal cause of loss, injury or damage even though it operates in

combination with the act of another or some other cause occurring after the negligence occurs if the resulting loss, injury or damage was a reasonably foreseeable consequence of the negligence and the negligence contributes substantially to producing it.

## 401.18 ISSUES ON PLAINTIFF'S CLAIM — GENERAL NEGLIGENCE

The first issues you must decide on Jane Doe's claim against are:

*Negligence, generally:*

Whether New College of Florida and/or the New College Board of Trustees was negligent in failing to take reasonable steps to protect Jane Doe and/or in failing to take reasonable steps to investigate her report of rape, and, if so, whether that

negligence was a legal cause of the loss, injury or damage to Jane Doe.

## 401.21 BURDEN OF PROOF ON MAIN CLAIM

If the greater weight of the evidence does not support one or more of Jane Doe's claims, your verdict should be for defendants on that claim. However, if the greater weight of the evidence supports one or more of Jane Doe's claims, then your verdict should be for Jane Doe and against New College of Florida and/or the New College of Florida Board of Trustees on that claim.

lIf the greater weight of the evidence supports Jane Doe's claim against one or both of the defendants, then you should decide and write on the verdict form the percentage of the total negligence of both defendants that you apportion to each of them.

401.22 DEFENSE ISSUES

If, however, the greater weight of the evidence supports one of more of Jane Doe's claims, then you shall consider the defenses raised by the Defendants.

On the [first]* defense, the issue[s] for you to decide [is] [are]:

*Comparative negligence generally:*

whether Jane Doe was herself negligent in failing to act with reasonable care for her own safety and, if so, whether that negligence was a contributing legal cause of injury or damage to Jane Doe.

## 401.23 BURDEN OF PROOF ON DEFENSE ISSUES

If the greater weight of the evidence does not support defendants' defenses and the greater weight of the evidence does support Jane Doe's claim, then your verdict should be for Jane Doe in the total amount of her damages. You should decide and write on the verdict form what percentage of the total negligence of defendants you apportion to each defendant whose negligence you find was a legal cause of loss, injury, or damage to Jane Doe.

If, however, the greater weight of the evidence shows that both Jane Doe and one or more of the defendants were negligent and that the negligence of each contributed as a legal cause of loss, injury, or damage sustained by Jane Doe, you should decide and write on the verdict form what percentage of the total negligence of all parties to this action you apportion to each of them.

## 501.1   PERSONAL   INJURY   AND   PROPERTY   DAMAGES: INTRODUCTION

If your verdict is for Defendants, you will not consider the matter of damages. But if the greater weight of the evidence supports Jane Doe's claim, you should determine and write on the verdict form, in dollars, the total amount of loss, injury or damage which the greater weight of the evidence shows will fairly and adequately compensate her for her loss, injury or damage, including any damages that Jane Doe is reasonably certain to incur or experience in the future. You shall consider the following elements:

## 501.2 PERSONAL INJURY AND PROPERTY DAMAGES: ELEMENTS

Injury, pain, disability, disfigurement, loss of capacity for enjoyment of life:

Any bodily injury sustained by Jane Doe and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish, inconvenience or loss of capacity for the enjoyment of life experienced in the past or to be experienced in the future. There is no exact standard for measuring such damage. The amount should be fair and just in the light of the evidence.

Medical expenses:

*Care and treatment of claimant:*

The reasonable value or expense of hospitalization and medical and psychological care and treatment necessarily or reasonably obtained by Jane Doe in the past or to be so obtained in the future.

Lost earnings, lost time, lost earning capacity:

*When earnings or lost working time not shown:*

Any loss of ability to earn money sustained in the past and any such loss in the future.

## 501.4 COMPARATIVE NEGLIGENCE AND MULTIPLE DEFENDANTS

In determining the total amount of damages, you should not make any reduction because of the negligence, if any, of Jane Doe or defendants. The court in entering judgment will make any appropriate reduction.

## 501.5 OTHER CONTRIBUTING CAUSES OF DAMAGES

*Aggravation or activation of disease or defect:*

If you find that the defendants caused a bodily injury, and that the injury resulted in an aggravation of an existing illness or activation of a latent condition, you should attempt to decide what portion of Jane Doe's condition resulted from the aggravation

or activation. If you can make that determination, then you should award only those damages resulting from the aggravation or activation.

However, if you cannot make that determination, or if it cannot be said that the condition would have existed apart from the injury, then you should award damages for the entire condition suffered by Jane Doe.

## 501.6 MORTALITY TABLES

If the greater weight of the evidence shows that Jane Doe has been permanently injured, you may consider her life expectancy. The mortality tables received in evidence may be considered in determining how long Jane Doe may be expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on Jane Doe's health, age and physical condition, before and after the injury, in determining the probable length of her life.

## 501.7 REDUCTION OF DAMAGES TO PRESENT VALUE

Any amount of damages which you allow for future medical expenses or loss of ability to earn money in the future should be reduced to its present money value and

only the present money value of these future economic damages should be included in your verdict.

The present money value of future economic damages is the sum of money needed now which, together with what that sum will earn in the future, will compensate Jane Doe for these losses as they are actually experienced in future years.

## 501.9 LIABILITY OF MULTIPLE TORTFEASORS

*Comparative negligence cases:*

Even if you decide that both of the defendants were negligent, you should determine Jane Doe's damages in a single total amount, and write that amount, in dollars, on the verdict form.

**<u>Substantive Instructions: Title IX Claim</u>**

<u>A. Generally</u>

**§ 177:1. Nature of the action**

Jane Doe claims New College of Florida and/or the New College of Florida Board
of Trustees intentionally discriminated against plaintiff because of plaintiff's sex.

New College of Florida and/or the New College of Florida Board of Trustees denies
plaintiff's claim and [describe any affirmative defenses].

<u>B. Statutes</u>

**§ 177:10. Generally**

Title IX of the Education Amendments Act of 1972 provides:

No person in the United States shall, on the basis of sex, be excluded from
participation in, be denied the benefits of, or be subject to discrimination under any
education program or activity receiving Federal financial assistance.

<u>C. Essential Elements of Plaintiff's Claim</u>

**§ 177:21. Harassment—Student-on-student**

New College of Florida and/or the New College of Florida Board of Trustees is liable
for plaintiff's claim of sexual harassment, if Jane Doe proves by a preponderance of
the evidence, that:

First: Jane Doe was subjected to harassment because of plaintiff's sex by the intentional conduct of other students consisting of conduct of a sexual nature in defendant's programs or activities, such as rape, sexual assault, or stalking;

Second: This alleged conduct was so severe and pervasive, and offensive to a reasonable person of the same sex that it effectively deprived Jane Doe of equal access to the educational opportunities or benefits provided by New College of Florida and/or the New College of Florida Board of Trustees;

Third: New College of Florida and/or the New College of Florida Board of Trustees had actual knowledge of the alleged sexual harassment described above; and

Fourth New College of Florida and/or the New College of Florida Board of Trustees acted with deliberate indifference to the known acts of harassment.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for New College of Florida and/or the New College of Florida Board of Trustees and you need not proceed further in considering plaintiff's Title IX claims.


D. Definitions

**§ 177:30. Educational institution**

An "educational institution" is "any public or private preschool, elementary, or secondary school, or any institution of vocational, professional, or higher education." However, in the case of an educational institution composed of more than one school, college or department that are administratively separate units, "educational institution" means each such school, college, or department.

## § 177:31. Federal financial assistance

"Federal financial assistance" includes grants, loans, or contracts other than those of insurance or guaranty. It also includes federal financial assistance funneled directly to students.

## § 177:33. Hostile environment

To establish a hostile or abusive environment, Jane Doe must prove by a preponderance of the evidence that New College of Florida and/or the New College of Florida Board of Trustees was permeated with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive that it effectively deprived plaintiff of equal access to the educational opportunities or benefits provided by defendant.

In determining whether an environment is "hostile" or "abusive," you must look at all the circumstances including:

The total physical environment;

The degree and type of obscenity that filled the environment before and after the plaintiff arrived;

• The frequency of the offensive conduct;

• The nature of the unwelcome sexual acts or words;

• The severity of the conduct;

• Whether the conduct was physically threatening or humiliating;

• Whether it was merely an offensive utterance; and

• Whether it unreasonably interfered with plaintiff's equal access to the educational opportunities or benefits provided by New College of Florida and/or the New College of Florida Board of Trustees.

The effect on the plaintiff's mental and emotional well being is also relevant to determining whether Jane Doe actually found the environment to be hostile or abusive; but while psychological harm, like any other relevant factor, may be taken into account, no single factor is required.

Conduct that only amounts to ordinary socializing such as occasional horseplay, sexual flirtation, sporadic or occasional use of abusive language, gender related

jokes, and occasional teasing, does not constitute an abusive or hostile environment. Only extreme conduct amounting to a material change in the terms and conditions of employment can violate Title IX.

In determining whether conduct was hostile, you should consider the following:

• Whether the conduct was verbal, physical, or both;

• Whether the conduct occurred one time or repeatedly;

• Whether the conduct was plainly offensive;

• Whether the alleged harasser was a student or a teacher

• Whether others joined in the harassment

• Whether the alleged harassment was directed at one more person;

• The ages of the alleged harasser and the Jane Doe; and

• The number of individuals involved.


## § 177:34. Reasonable person

In determining whether a hostile educational environment existed, you must consider the evidence from the perspective of a reasonable person. This is an objective standard and requires you to look at the evidence from the perspective of

a reasonable person's reaction to a similar environment under similar circumstances. You cannot view the evidence from the perspective of an overly sensitive person. Instead, you must consider the total circumstances and determine whether the alleged harassing behavior could be objectively classified as the kind of behavior that would seriously affect the psychological well-being of a reasonable person.

## § 177:35. Deliberate indifference

"Deliberate indifference" means that the defendant's response to the alleged harassment or lack of response was clearly unreasonable in light of all the known circumstances.

## § 177:36. Actual knowledge

An educational institution has "actual knowledge" if it knows the underlying facts, indicating sufficiently substantial danger to students, and was therefore aware of the danger.

An educational institution has "actual notice," sometimes called "actual knowledge" of discrimination, if an appropriate person at the institution has knowledge of facts sufficiently indicating substantial danger to a student so that the institution can reasonably be said to be aware of the danger.

## § 177:37. Direct and indirect evidence

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and indirect evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or indirect" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or indirect evidence. Nor is a greater degree of certainty required of indirect evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and indirect.[1]

## § 177:38. Appropriate person

An "appropriate person" is a school official with the power to take action to correct the discrimination. A school principal who is entrusted with the responsibility and authority normally associated with that position will ordinarily be an "appropriate person." Other school officials may be "appropriate persons," depending on their

---

[1] Defendant objects to this instruction.

power to take corrective action to address the discrimination and institute corrective measures.

E. Causation

**§ 177:50. Generally**

Jane Doe has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find Jane Doe has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for New College of Florida and/or the New College of Florida Board of Trustees.

New College of Florida and/or the New College of Florida Board of Trustees has the burden of proving each element of defendant's affirmative defenses by a preponderance of the evidence.

**§ 177:51. Preponderance of the evidence**

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## § 177:52. Proximate cause

An injury or damage is proximately caused by an act or a failure to act whenever it appears from the evidence that the act or failure to act played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

G. Damages

## § 177:70. Compensatory damages

If you find New College of Florida and/or the New College of Florida Board of Trustees discriminated against Jane Doe based on plaintiff's sex, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that Jane Doe proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering or mental anguish Jane Doe experienced as a consequence of defendant's allegedly unlawful act. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Jane Doe prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## § 177:75. Mitigation of damages

If you find Jane Doe was injured as a result of conduct by New College of Florida and/or the New College of Florida Board of Trustees in violation of Section 1983, you must determine whether plaintiff could have done something to lessen the harm suffered. New College of Florida and/or the New College of Florida Board of

Trustees has the burden to prove by a preponderance of the evidence that Jane Doe could have lessened or reduced the harm done to plaintiff and that plaintiff failed to do so.

If New College of Florida and/or the New College of Florida Board of Trustees establishes by a preponderance of the evidence that Jane Doe could have reduced the harm done to plaintiff but failed to do so, plaintiff is entitled only to damages sufficient to compensate for the injury plaintiff would have suffered had plaintiff taken appropriate action to reduce the harm.