# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JANE DOE,

    Plaintiff,

v.                                                               Case No: 8:21-cv-1245-CEH-CPT

NEW COLLEGE OF FLORIDA and
NEW COLLEGE OF FLORIDA
BOARD OF TRUSTEES,

    Defendants.
_____

## ORDER TO SHOW CAUSE

This matter is before the Court *sua sponte*. Because the Court questions whether New College of Florida is the appropriate entity to be a named Defendant in this action, the Court issues this Order to Show Cause to the parties.

In this action, Plaintiff Jane Doe sues Defendants, New College of Florida and New College of Florida Board of Trustees, alleging claims of Title IX violations and negligence arising out of a student-on-student sexual assault. New College of Florida is one of the Florida public universities that make up the State University System of Florida. *See* https://www.flbog.edu/universities/. The Florida Constitution empowers the Florida Legislature to authorize suits against the state or any of its agencies. *See Daniels v. State Rd. Dep't.*, 170 So. 2d 846, 849 (Fla. 1964) ("[m]any state agencies, although purely public bodies, are or have been in the past designated as a 'body corporate' by statute and given many of the attributes of a private corporation,

such as the right to sue and to be sued"). Under Florida law, each state university's board of trustees "shall be a public body corporate . . . with all of the powers of a body corporate, including the powers to . . . sue and be sued, to plead and be impleaded in all courts of law or equity . . . ." Fla. Stat. § 1001.72(1).

This Court has previously held that the Board of Trustees, and not the state university, is the properly named defendant in actions against a Florida public university. *See Rivadeneira v. Univ. of S. Fla.*, No. 8:21-CV-1925-CEH-AAS, 2022 WL 445661, at *2 (M.D. Fla. Feb. 14, 2022) ("Rivadeneira sues USF and USFBOT, but USF is an improper defendant) (citing Fla. Stat. § 1001.72(1)); *see also Ardakani v. Fla. Polytechnic Univ.*, No. 8:22-CV-53-CEH-CPT, 2022 WL 1104094, at *2 (M.D. Fla. Apr. 13, 2022) (finding Florida Polytechnic University Board of Trustees is the proper defendant, not Florida Polytechnic University). Other district courts have similarly reached the conclusion that, in Florida, a public university's board of trustees is the proper entity to be named in lawsuits against the university. *See Souto v. Fla. Int'l Univ. Found., Inc.*, 446 F. Supp. 3d 983, 998 (S.D. Fla. 2020) (FIU is not a proper defendant); *Parfitt v. Fla. Gulf Coast Univ. Bd. of Trs.*, No. 2:19-cv-727-SPC-NPM, 2020 WL 1873585, at *2 (M.D. Fla. Apr. 15, 2020) ("The Board—not FCGU—is the correct entity to sue."); *Paylan v. Teitelbaum*, Case No. 1:15-cv-159-MW-GRJ, 2017 WL 2294084, at *2 ("UFBOT is the proper entity to be sued in cases against the University of Florida."), report and recommendation adopted, 2017 WL 2294083 (N.D. Fla. May 25, 2017); *Hui Li v. Univ. of Fla. Bd. of Trs.*, No. 1:14-cv-236-RS-GRJ, 2015 WL 1781578, at *2 (N.D. Fla. April 20, 2015) ("The program is governed by Defendant

University of Florida Board of Trustees, which is the only University of Florida entity with the capacity to be sued.").

Accordingly, it is hereby

**ORDERED:**

1.  The parties shall **SHOW CAUSE**, by a written response filed on or before **Friday September 22, 2023**, as to why Defendant New College of Florida should not be dismissed as an improperly named Defendant in this action.[1]

**DONE** and **ORDERED** in Tampa, Florida on September 14, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] The parties do not need to address Eleventh Amendment immunity in response to this Order to Show Cause as there was a waiver of Eleventh Amendment immunity when this case was removed by Defendants. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 619–24 (2002) (observing the anomaly or inconsistency "for a State both (1) to invoke federal jurisdiction, thereby contending that the 'Judicial power of the United States' extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand").