# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JANE DOE,

    Plaintiff,

v.                                          Case No: 8:21-cv-1245-CEH-CPT

NEW COLLEGE OF FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff Jane Doe's Motion to Seal Under § 90.503, Fla. Stat. and Florida's Crime Victims Protection Act (Doc. 137)[1], filed on May 15, 2024. In the motion, Plaintiff requests the Court enter an order permanently sealing the documents at docket numbers 90, 95, and 96, because they contain Plaintiff's confidential personal health information, specifically her psychotherapy records and the transcripts of the psychotherapist's deposition. The motion is unopposed. The Court, having considered the motion and being fully advised in the premises, will grant-in-part and deny-in-part Plaintiff's Motion to Seal.

## DISCUSSION

This case arises out of the tragic student-on-student sexual assault of Plaintiff, Jane Doe, who was, at the time of the assault, a student at New College of Florida. Doc. 11. Plaintiff sued the Board of Trustees for New College under federal and state

---

[1] The Federal Rules of Evidence and federal law govern this action.

law for Title IX violations and for negligence. *Id.* On September 12, 2022, the Court granted Plaintiff's request to proceed under the pseudonym "Jane Doe" during pretrial proceedings. Doc. 68. However, the Court specifically reserved ruling as to whether Plaintiff would be permitted to proceed anonymously at the trial of this case. *Id.* at 3. For purposes of the pre-trial motions, the Court also permitted the parties to file under seal the Plaintiff's psychotherapy records and the associated deposition transcripts of her psychotherapist. *See* Doc. 82. In so doing, the Court found Plaintiff had demonstrated a compelling justification for sealing those records and testimony. *Id.* at 7. The Court's Order stated that the documents shall remain under seal until further order of the Court but no longer than one year. *Id.* at 8.

On September 28, 2023, the Court granted in part, New College of Florida's motion for summary judgment. Doc. 122. On February 14, 2024, Defendant filed a Joint Notice of Settlement, and thereafter the parties submitted a notice of dismissal. Docs. 132, 134. The Court dismissed this action with prejudice on April 23, 2024. Doc. 135. Following the Court's Order of dismissal, the Clerk sent the parties a Notice advising that the seal of any item expires 90 days after the case is closed. Doc. 136.

Now before the Court is the parties' unopposed motion (Doc. 137) to continue the sealing of the documents at docket entries 90, 95, and 96, which are Plaintiff's psychotherapy/counseling records and the related deposition transcripts of Plaintiff's psychotherapist, Duane Khan. The sealed documents detail the sexual battery of Plaintiff and her mental health counseling. Plaintiff urges the Court to continue the

2

seal of the documents because the subject matter is protected under Florida's psychotherapist-patient privilege and unsealing the documents would reveal identifying information that would reveal Jane Doe's identity publicly. Doc. 137 at 3. Additionally, Plaintiff submits that she has taken steps to protect her privacy with regard to the offense committed against her and that disclosure of her identity would cause her further emotional and mental harm. *Id.* at 6.

Although Plaintiff submits her request under Florida law, federal law governs the sealing of records in this court. In this Circuit, it has long been established that there is a "presumptive common law right to inspect and copy judicial records." *United States v. Rosenthal*, 763 F.2d 1291, 1293 (11th Cir. 1985) (citing *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 597, (1978)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone,* 263 F.3d 1304, 1309 (11th Cir. 2001)). As stated in this Court's Local Rules, "sealing is unavailable absent a compelling justification." M.D. Fla. Local Rule 1.11(a). In some limited circumstances, a court has the discretion to permit materials to be filed under seal. *Romero*, 480 F.3d at 1246. However, such relief is to be granted only upon a showing of "good cause," which requires balancing the asserted right of access against the party's interest in keeping the information confidential. *See id.* (describing balancing considerations). Among other factors, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* at 1246. The fact that a violent sexual assault occurred is already a matter of public record through Plaintiff's Complaint. Thus, the issue on the instant motion is Plaintiff's efforts to protect the public disclosure of her identity that she asserts is revealed in Docs. 90, 95 and 96. As the case has been resolved, the Court has no occasion to revisit the issue of Plaintiff proceeding under a pseudonym. As for the information sought to be sealed, the counseling records at Doc. 90 have already redacted Plaintiff's real name. Review of the records reveals there are references to details about her family members and where Plaintiff is from, which information could potentially be used to identify Plaintiff. Other than those details, Plaintiff's identity is not apparent from the records. As for the deposition transcripts of Dr. Khan, while there is some personal information that could potentially identify Plaintiff, there were many other questions posed to Dr. Khan generally about his background, his familiarity with New College culture and events, the Title IX process at New College, and information regarding other faculty and administrators. This information does not warrant being permanently sealed. While redaction may be potentially burdensome, the identifying information in the deposition transcripts could be sufficiently redacted without the need to seal the entire deposition.

4

In balancing the above factors, the Court concludes that the motion fails to establish good cause to permanently seal the entirety of the documents where redaction of the documents will suffice to protect disclosure of Plaintiff's identity.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Seal (Doc. 137) is **granted-in-part** and **denied-in-part**.

2. The documents at docket entries 90, 95, and 96, which consist of Plaintiff's psychotherapy records (Doc. 90) and the deposition testimony of Plaintiff's psychotherapist Duane Khan (Docs. 95, 96), shall remain under seal for **SIXTY (60) DAYS** from the date of this Order.

3. On or before **September 9, 2024**, counsel for Plaintiff shall appropriately redact Docs. 90, 95, and 96, to remove references to any potentially identifying information of Plaintiff and/or her family, and to submit to the Clerk of Court the new redacted versions of Docs. 90, 95, and 96. Upon receipt of the new redacted documents, the Clerk of Court shall swap the images at Docs. 90, 95, 96 that are currently sealed for the new redacted documents and remove the seal.

**DONE AND ORDERED** in Tampa, Florida on July 8, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any